UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00635-RGK-JDE | Date | February 12, 2026 |
|---|---|---|---|
| Title | *Israel Uriarte Villa et al. v. Kristi Noem et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Petitioners' *Ex Parte* Application for Temporary Restraining Order [DE 5]

## I.   INTRODUCTION

On February 11, 2026, Israel Uriarte Villa, Fortino Negrete Alvarez, Juan Carlos Galvez Pantoja, Abidan Garcia Romero, Rafael Caballero Gutierrez, Teofilo Nelson Pelico Perez, Nicolas Juan Nicolas Francisco, Angelo Pascual Torres Roman, and Jose Luis Martinez Romero (collectively "Petitioners") filed a Writ of Habeas Corpus and the present Application for Temporary Restraining Order ("Application") against Kristi Noem, Todd Lyons, Pam Bondi, Jaime Rios, and Fereti Semaia (collectively "Respondents"). (ECF No. 1, 5.) Petitioners, noncitizens who have been charged as inadmissible for being present in the United States without having been inspected or admitted, are in U.S. Immigration and Customs Enforcement ("ICE") custody pending removal.

Petitioners seek the Court's order that Petitioners be provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond. For the following reasons, the Court **DENIES** the application.

## II.   JUDICIAL STANDARD

To justify *ex parte* relief, the movant must show: (1) "why the . . . ultimate relief requested cannot be calendared in the usual manner[;]" and (2) that he is "without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00635-RGK-JDE | Date | February 12, 2026 |
|---|---|---|---|
| Title | *Israel Uriarte Villa et al. v. Kristi Noem et al.* | | |

### III. DISCUSSION

Petitioners seek the Court's order requiring that Petitioners be provided with an individualized bond hearing before an immigration judge. However, Petitioners fail to meet the standard needed to justify *ex parte* relief.

Petitioners must show "why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. [T]he evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. at 492.

Petitioners fail to establish why their *Ex Parte* Application cannot be calendared in the usual manner. It is not clear to the Court why Petitioners, one of which has been in custody for over six months, require immediate action through the *ex parte* process to be granted a bond hearing. Petitioners allege no facts that specify why the Court *must* grant them relief by way of the current Application or risk irreparable prejudice should the merits of the Application be heard according to the regular noticed motion procedures. Accordingly, Petitioners fail to meet the first element of the *Mission Power* test, and *ex parte* relief is not justified.

### IV. CONCLUSION

For the foregoing reasons, Petitioners' Application is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sh |