UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00635-RGK-JDE | Date | February 27, 2026 |
|---|---|---|---|
| Title | *Israel Uriarte Villa et al. v. Kristi Noem et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**  (IN CHAMBERS) Order Re: Petitioners' Motion for Preliminary Injunction [5]

## I.  INTRODUCTION

On February 11, 2026, Israel Uriarte Villa, Fortino Negrete Alvarez, Juan Carlos Galvez Pantoja, Abidan Garcia Romero, Rafael Caballero Gutierrez, Teofilo Nelson Pelico Perez, Nicolas Juan Nicolas Francisco, Angelo Pascual Torres Roman, and Jose Luis Martinez Romero (collectively, "Petitioners") filed a Petition for Writ of Habeas Corpus and an *Ex Parte* Application for a Temporary Restraining Order ("Application") against Kristi Noem, Todd Lyon, Pam Bondi, Jaime Rios, and Fereti Semaia (collectively, "Respondents"). (ECF Nos. 1, 5.) On February 12, 2026, the Court denied their Application for failure to meet the *ex parte* standard. (ECF No. 7.)

Presently before the Court is Petitioners' Motion for a Preliminary Injunction ("Motion"). (ECF No. 5.) Petitioners seek an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). For the following reasons, the Court **GRANTS** Petitioners' Motion.

## II.  JUDICIAL STANDARD

"[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). It is "never awarded as of right." *Id.* at 24. A plaintiff must show: (1) likelihood of success on the merits; (2) likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest (the "*Winter* test"). *Id.* at 20. The Ninth Circuit has adopted an alternative sliding scale approach, in which the elements of the *Winter* test are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). For instance, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00635-RGK-JDE | Date | February 27, 2026 |
| Title | *Israel Uriarte Villa et al. v. Kristi Noem et al.* | | |

## III. DISCUSSION

### A. Class Membership

Petitioners assert that they are members of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). Respondents similarly assert that "The Petitioners appear to be members of the Bond Eligible Class." (Response at 2, ECF No. 11.) However, beyond a mere assertion, Petitioners have not provided evidence to show that they are members of the *Bautista* bond eligible class, and that therefore, *Bautista* is controlling. Without more, the Court cannot determine whether Petitioners are class members and proceeds to hear the Motion individually on the merits.

### B. Preliminary Injunction

#### 1. *Likelihood of Success on the Merits*

Petitioners argue they are likely to succeed on their claims that their ongoing detention under Section 1225(b)(2) is unlawful because Section 1226(a) governs their detention.

Section 1226(a) provides that:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General . . . .

8 U.S.C. 1226(a).

Subsection (c) of Section 1226 prohibits certain noncitizens who are inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) by virtue of their presence in the United States without being admitted (like Petitioners) from being released on bond *if* the noncitizen has also been:

> charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00635-RGK-JDE | Date | February 27, 2026 |
|---|---|---|---|
| Title | *Israel Uriarte Villa et al. v. Kristi Noem et al.* | | |

*Id.* § 1226(c)(1)(E).

Section 1225, on the other hand, instructs that "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed . . . an applicant for admission." 8 U.S.C. § 1225(a)(1). Section 1225 also has a mandatory detention provision whereby, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." *Id.* § 1225(b)(2)(A).

The Court agrees with Petitioners that their continued detention pursuant to Section 1225(b)(2)(A) is likely unlawful because Section 1226(a) governs their detention. First, Section 1226(c)(1)(E) applies to those who are inadmissible under 8 U.S.C. § 1182(a)(6), including noncitizens "present in the United States without being admitted or paroled," *and* who have committed certain crimes. 8 U.S.C. § 1182(a)(6)(A)(i). This naturally leads to a reading that those who are inadmissible under § 1182(a)(6), but who have not committed certain crimes, such as Petitioners, would be governed by the catch-all provision of Section 1226(a). Such an interpretation is further bolstered by the Supreme Court's reading that "§ 1226 applies to aliens already present in the United States" *Jennings*, 538 U.S. at 303.

Furthermore, if the argument that Section 1225(b)(2)(A) governs those who are present in the U.S. without inspection was accurate, there would be no need for Section 1226(c)(1)(E) because those noncitizens would already be deemed ineligible for a bond hearing under Section 1225(b)(2)(A). Such an interpretation would be inconsistent with the canon against superfluities. *See Shulman v. Kaplan*, 58 F. 4th 404, 410–11 (9th Cir. 2023) (Courts "must interpret the statute as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous.") (quoting *Rodriguez v. Sony Computer Ent. Am., LLC*, 801 F.3d 1045, 1051 (9th Cir. 2015)).

Furthermore, there is no irreconcilable conflict between Section 1226 and Section 1225. As this Court has held before, "[t]he most likely explanation is that the two provisions apply to different classes of noncitizens." *Benitez v. Noem*, No. 5:25-cv-02190-RGK-AS (C.D. Cal. Aug. 26, 2025); *see Jennings*, 583 U.S. at 281, 297 (noting that Section 1226 applies to "certain aliens *already in the country*," while Section 1225(b) "applies primarily to aliens *seeking entry into the United States*") (emphasis added). Thus, the Court finds that Section 1226(a) applies to Petitioner's detention.

    2.    <u>*Likelihood of Irreparable Harm*</u>

In the absence of a preliminary injunction, Petitioners will continue to be detained and denied a bond hearing before an immigration judge. Detention constitutes "a loss of liberty that is . . . irreparable." *Moreno Galvez v. Cuccinelli*, 492 F. Supp. 3d 1169, 1181 (W.D. Wash. 2020), *aff'd in part, vacated in part on other grounds, remanded sub nom. Moreno Galvez v. Jaddou*, 52 F.4th 821 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00635-RGK-JDE | Date | February 27, 2026 |
|---|---|---|---|
| Title | *Israel Uriarte Villa et al. v. Kristi Noem et al.* | | |

Cir. 2022). Accordingly, the Court finds that Petitioners are likely to suffer irreparable harm in the absence of a preliminary injunction.

   3. *Balance of the Equities and Public Interest*

  The last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). The Court agrees with Petitioners that because the lack of a bond redetermination hearing is likely inconsistent with federal law, the balance of hardships and public interest factors weigh in favor of a preliminary injunction. *See Moreno Galvez v. Cuccinelli*, 387 F. Supp. 3d 1208, 1218 (W.D. Wash. 2019). The preliminary injunction would fulfill Respondents' compelling interest in steady enforcement of immigration laws. Allowing Respondents to detain Petitioners under Section 1225 likely violates immigration laws, which would be contrary to the proper enforcement of immigration laws. Accordingly, the Court finds that the last two *Winter* factors weigh in favor of a preliminary injunction.

**IV. CONCLUSION**

  Accordingly, the Court **GRANTS** Petitioners' Motion.[1] The Court **ORDERS** that:

- Respondents shall provide each Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond, within seven (7) days of this Order.

- The parties shall file a joint statement within seven (7) days of Petitioner's individualized bond hearing or release from detention, identifying what issues remain in dispute, if any, and addressing why the Petition and this action should not be dismissed as moot.

**IT IS SO ORDERED.**

                             :  
Initials of Preparer            JRE/sh

---

[1] Federal Rule of Civil Procedure 65(c) requires that, prior to granting injunctive relief, the Court require a movant to pay security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "Despite the seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation omitted). Here, the Court waives the security requirement, as it is unlikely that Respondents will incur any significant cost.